IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS BARBA,

        Plaintiff,

  v.

C. SMITH, et al.,

        Defendants.

No. 2:19-CV-1649-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 10).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Luis Barba names the following as defendants: (1) C. Smith; (2) Sam Wong; and (3) Marianna Ashe.[1] Defendants are doctors at Mule Creek State Prison in Ione, California. See ECF No. 10, pg. 3.

Plaintiff alleges that defendants violated his Eighth Amendment right to medical care by failing to treat plaintiff's varicose veins. Id. at 3. Specifically, plaintiff alleges that, in early 2014, defendants became aware of plaintiff's varicose veins in his left leg. Id. Defendants were aware that plaintiff required vascular corrective surgery but denied plaintiff surgery despite knowing his condition would deteriorate. Id. Defendant, Dr. Sam Wong, specifically informed plaintiff that surgery would be considered after certain medical scans were conducted. However, no surgery was ever ordered, and plaintiff was instead given compression socks which did not alleviate his pain. Id. All defendants were allegedly aware that plaintiff's condition worsened after this. Id. As a result of this misconduct, plaintiff has experienced severe pain throughout his body and fears he will eventually suffer from a stroke. Id.

///
///
///
///

---

[1] California Correctional Health Care Services, the only defendant named in the original complaint, is not named in the first amended complaint. The Clerk of the Court will be directed to update the docket to reflect that this action proceeds against defendants Smith, Wong, and Ashe only.

2

## II. DISCUSSION

Plaintiff has failed to allege sufficient facts to state a cognizable Eighth Amendment claim against any of the named defendants.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff alleges that the named defendants violated his Eighth Amendment rights by failing to provide vascular surgery despite knowing it was medically necessary. See ECF No. 10, pg. 3. However, almost all of plaintiff's factual allegations are directed broadly at the "defendants." Id. There are no individual factual allegations against either defendant Smith or Ashe. As such, it is not clear what their roles they played in plaintiff's care, nor how they specifically deprived plaintiff of his rights. Plaintiff provides slightly more context for his claim against Dr. Wong. Plaintiff alleges that Wong assured him that corrective surgery would be considered but plaintiff was ultimately granted compression socks instead of surgery. See ECF No. 3. However, even here, it is not clear what Wong's involvement in plaintiff's care was nor what conduct is specifically attributable to him beyond telling plaintiff that surgery would be "considered.". It should be noted that, to the degree that plaintiff's Eight Amendment claims rests on Wong choosing to provide plaintiff with compression socks as opposed to surgery, a difference of medical opinion is not a proper basis for a deliberate indifference claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The court acknowledges that plaintiff's assertion that the "defendants" knew of his need for surgery and refused to act are indeed relevant to an Eighth Amendment claim. However, without more, these allegations are simply vague, conclusory, and insufficient to put defendants on notice of what it is they are claimed to have done. Plaintiff must set forth facts which establish a specific causal connection between each individual defendant and the alleged deprivation. See Leer, 844 F .2d at 634. Applying this standard to plaintiff's claims, it is clear that he has failed. Therefore, plaintiff shall be granted leave to amend and provide a clearer factual context for his claims.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to reflect that this action proceeds against the following defendants: Smith, Wong, and Ashe;

2. Plaintiff's first amended complaint is dismissed with leave to amend; and

3. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: February 13, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE